Citation Nr: 1736741 
Decision Date: 08/07/17 Archive Date: 09/06/17

DOCKET NO. 06-19 817 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to the Veteran's service-connected generalized anxiety disorder, and to include as due to exposure to Agent Orange.


ATTORNEY FOR THE BOARD

Jonathan Z. Morris, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1969 to July 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico.
This case was previously before the Board in January 2010 and June 2013, where the Veteran's claim of entitlement to service connection for hypertension was remanded for further development. In both instances, the Board also referred the issue of entitlement to a total disability rating based on individual unemployability (TDIU) to the RO for initial adjudication. At this time, it does not appear that this issue has been addressed and, consequently, the Board is again referring the issue of entitlement to a TDIU to the RO for initial adjudication.

In his June 2006 substantive appeal (VA Form 9), the Veteran requested a Board hearing at the RO (Travel Board hearing). In response to a July 2006 letter from the RO, the Veteran indicated that, instead of a Travel Board hearing, he wished to have a hearing before a Decision Review Officer at the RO. In September 2006, the Veteran's representative withdrew the hearing request.


FINDING OF FACT

The Veteran's hypertension was caused by his service-connected generalized anxiety disorder.

CONCLUSION OF LAW

The criteria for service connection for hypertension have been met. 38 U.S.C.A. § 1110, 5701(b) (West 2014); 38 C.F.R. § 3.102, 3.303, 3.310 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R §§3.102, 3.156(a), 3.159, 3.326(a). In this case, the Board is granting in full the benefits sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed.

II. Hypertension

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Generally, service connection requires (1) the existence of a present disability; (2) in-service incurrence or aggravation of an injury or disease; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the claimant.

A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). When considering whether lay evidence is competent, the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, supra.

Certain chronic diseases, such as hypertension, may be presumed to have been incurred during service if the disorder manifests to a compensable degree within one year of separation from active duty. 38 C.F.R. §§ 3.307, 3.309.

With chronic disease shown as such in service (or within the presumptive period under 38 C.F.R. § 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributed to intercurrent causes. 38 C.F.R. § 3.303(b). Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic, or when the diagnosis of chronicity may be legitimately questioned. Id. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. Id.

Regarding the award of service connection on the basis of continuity of symptomatology, the Federal Circuit clarified that the provisions of 38 C.F.R. § 3.303(b) only apply to chronic diseases listed in 38 C.F.R. § 3.309 (a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As noted above, hypertension is among the diseases listed in 38 C.F.R. § 3.309 (a).

For VA purposes, hypertension or isolated systolic hypertension must be confirmed by readings taken two or more times on at least three different days. The term hypertension means that the diastolic blood pressure is predominantly 90 mm. or greater, and isolated systolic hypertension means systolic blood pressure is predominantly 160 mm. or greater with a diastolic blood pressure of less than 90 mm. 38 C.F.R. § 4.104, Diagnostic Code 7101, Note (1).

The evidence of record establishes that the Veteran has a current diagnosis of essential hypertension. See, e.g., February 2013 Ischemic Heart Disease VA Examination Report. Therefore, the Veteran has a current disability.

The Veteran's July 1972 separation examination noted his blood pressure as 108/80. On the Report of Medical History form, the Veteran indicated that he "didn't know" whether he ever had or currently has high or low blood pressure.
VA treatment records dated in September 1972, shortly after his separation from active duty, reflect several elevated blood pressure readings of 130/90.

An April 1974 VA examination report includes a diagnosis of moderate to severe hypertension, with blood pressure readings of 160/114, 170/114, and 164/110.

In the July 1974 rating decision which denied the Veteran's claim of entitlement to service connection for hypertension, on a presumptive basis, VA acknowledged that "a mild hypertension was shown within one year after discharge, [but] it was not shown to be at least 10% disabling."

A January 1977 routine physical examination for the United States Army Reserves reflects an elevated blood pressure reading of 140/100. A July 1982 USAR treatment record reflects an elevated blood pressure reading of 150/80. A September 1984 periodical physical examination for the USAR reflects an elevated blood pressure reading of 130/90.

An October 2005 VA treatment note shows that the Veteran was being treated with medication for his currently diagnosed essential hypertension.

In May 2017, a VHA medical opinion was obtained. The examiner opined that it is as likely as not that the Veteran's hypertension, in whole or in part, was caused by and aggravated by his service-connected generalized anxiety disorder. In support of this determination, the examiner indicated that anxiety does not cause hypertension, but episodes of anxiety can cause dramatic, temporary spikes in blood pressure. The examiner further indicated that if such temporary spikes occur frequently, such as every day, they can cause damage to blood vessels, heart, and kidneys. Further, an individual with anxiety is more likely to resort to other unhealthy habits that can increase blood pressure, such as smoking, drinking alcoholic beverages and overeating. In this Veteran's case, the examiner noted that the evidence of record shows that the Veteran's blood pressure spiked during anxiety episodes, such as when he ran out of anxiety medication.

Based on a thorough review of the evidence of record, the Board finds that the criteria for entitlement to service connection for hypertension, as secondary to the Veteran's service-connected generalized anxiety disorder. 38 C.F.R. § 3.310.


ORDER

Entitlement to service connection for hypertension, as secondary to the Veteran's service-connected generalized anxiety disorder, is granted, subject to the laws and regulations governing the payment of monetary benefits.



____________________________________________
M. H. Hawley
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs